UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON D. WRIGHT,

            Plaintiff,

  v.

JAY INSLEE, et al.,

            Defendants.

Case No. C23-5131-RSL-SKV

REPORT AND RECOMMENDATION

On February 16, 2023, Plaintiff Brandon Wright submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis* (IFP). Dkt. 1. In his complaint, Plaintiff alleged that his First Amendment rights were violated by the Washington State Department of Corrections (DOC) and others. Dkt. 5; *see also* Dkt. 6 at 2 ¶ 1. Plaintiff identified as Defendants Jay Inslee, Governor of the State of Washington, Dan White, Superintendent of the Monroe Correctional Complex, Kelly Allen, President of the Church of Jesus Christ of Latter-Day Saints Twin Rivers Branch, and Cheryl Strange, Secretary of the DOC. *Id.* at 3, 4.[1] Plaintiff asked for his costs in this action, transfer to

---

[1] Because it appears that the Court mistakenly construed the proposed complaint to name the State of Washington as a separate Defendant, *see* Dkt. 5 at 1, 3, & 5 (naming only four Defendants, including "Jay Inslee, Governor, State of Washington"), the Court directed the Clerk to correct the docket to include the individuals identified above as the only named Defendants.

REPORT AND RECOMMENDATION - 1

1  another state prison of his choosing, an order directing the Mormon church to excommunicate
2  him and remove him from its records, and an order prohibiting further abuse, interference with
3  his religious practice, or retaliation by the DOC.  *Id.* at 7.

4        On February 22, 2023, the Court granted plaintiff leave to proceed IFP and his complaint
5  was filed.  Dkts. 4, 5.  On March 1, 2023, the Court issued an order declining service, with leave
6  to amend.  Dkt. 6.  The Court explained therein that allegations in Plaintiff's complaint were
7  conclusory and, should Plaintiff amend his complaint, he must set forth specific, plausible facts
8  to support his claim.  *Id.* at 3.  Plaintiff was also told that supervisory liability is unavailable
9  under § 1983 so he may identify as Defendants only individuals who caused or personally
10 participated in causing the harm alleged in the complaint.  *Id.* at 4 (citing *Arnold v. IBM*, 637
11 F.2d 1350, 1355 (9th Cir. 1981)).  The Court also noted that Plaintiff's conspiracy allegation
12 implicating Defendant Kelly Allen, a private person, did not meet the heightened pleading
13 requirement.  *Id.* at 3 (citing *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991)).  Lastly,
14 Plaintiff was advised to revise his requested relief.  *Id.* at 5.

15       Six days later, on March 7, 2023, Plaintiff filed a motion to "withdraw" both his case and
16 his IFP status.  Dkt. 7.  The Court presumes that Plaintiff's request to withdraw his IFP status is,
17 in fact, a request that he be relieved of responsibility for paying the remainder of the filing fee.
18 *Id*.  Given that this case is in its earliest stages and has not been served, dismissal of this action is
19 appropriate under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  However,
20 voluntary dismissal does not relieve Plaintiff of the obligation to pay the filing fee.  Plaintiff, as a
21 part of his IFP application, signed an "Acknowledgement and Authorization" form in which he
22 specifically acknowledged his understanding that by choosing to bring this action he would be
23

REPORT AND RECOMMENDATION - 2

responsible for payment of the full $350 filing fee under 28 U.S.C. § 1915.  That responsibility survives termination of this action.

Based on the foregoing, this Court recommends that Plaintiff's motion to voluntarily dismiss his case, Dkt. 7, be GRANTED, and that this action be dismissed without prejudice.  The Court further recommends that Plaintiff's request to be relieved of the obligation to pay the filing fee for this action be DENIED.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 7, 2023**.

Dated this 10th day of March, 2023.

*Signature: S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3