UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON D. WRIGHT,

              Plaintiff,

  v.

KELLY ALLEN, et al.,

              Defendants.

Case No. C23-5131-RSL-SKV

REPORT AND RECOMMENDATION

INTRODUCTION

Plaintiff Brandon Wright is a prisoner incarcerated at the Monroe Correctional Complex (MCC) Special Offender Unit (SOU) and proceeds pro se and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 civil rights action.  In a proposed amended complaint,[1] Plaintiff alleges violations of his First Amendment rights and names as Defendants Kelly Allen, President of the Twin Rivers Branch of the Church of Jesus Christ of Latter-Day Saints (LDS), and the LDS Church. Dkt. 12.  Plaintiff specifically alleges that Allen failed to act on Plaintiff's request for excommunication despite the fact that Plaintiff is being "relentlessly tortured and persecuted" by MCC-SOU staff for "drinking coffee and masturbating[.]" *Id*. at 5.  He seeks as relief

---

[1] Plaintiff's Motion for Extension of Deadline, Dkt. 11, seeking a brief extension of the deadline to submit a proposed amended complaint, is reasonable and herein GRANTED.

REPORT AND RECOMMENDATION - 1

excommunication from the LDS Church and an injunction prohibiting the Washington Department of Corrections (DOC) from inhibiting his religious practices and ordering the cessation of all forms of abuse. *Id*. at 6. The Court, having now considered the proposed amended complaint, the balance of the record, and the governing law, recommends this matter be DISMISSED.

## BACKGROUND

Plaintiff initiated this case with an IFP application and a proposed § 1983 complaint against Allen, Washington State Governor Jay Inslee, MCC Superintendent Dan White, and DOC Secretary Cheryl Strange. Dkt. 1. The Court granted Plaintiff's IFP application and issued an Order Declining to Serve and Granting Leave to Amend. Dkts. 4 & 6. In granting leave to amend, the Court explained that deficiencies in the complaint included, *inter alia*, conclusory allegations, an absence of facts showing named state actors caused or personally participated in causing the harm alleged, non-actionable allegations against a private person, and a request for relief not available in this action. Dkt. 6.

In response to the Court's Order, Plaintiff moved for voluntary dismissal and waiver of the collection of the Court's filing fee. Dkt. 7. The Court, in a Report and Recommendation, found voluntary dismissal appropriate, but no basis for relieving Plaintiff of the obligation to pay the filing fee. Dkt. 8. Through objections, Plaintiff indicated that, if the Court denied waiver of the fee, he preferred to proceed with the action and withdraw his request for dismissal. Dkt. 9. The Court denied the requested fee waiver, but found the request for voluntary dismissal withdrawn and directed Plaintiff to submit an amended complaint. Dkt. 10. Plaintiff thereafter submitted the proposed amended complaint described above and now under consideration. *See* Dkt. 12.

## DISCUSSION

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. §1915 (e)(2)(B) (providing for dismissal of any civil case on these same grounds notwithstanding the payment of a filing fee); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The statutory authority is clear: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.") (citing § 1915(e)(2)(B)(ii); emphasis removed). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff here seeks to pursue a claim under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009). In this case, for the reasons discussed below, Plaintiff's proposed amended complaint does not correct deficiencies previously identified by the Court and is properly dismissed without prejudice.

Section 1983 is reserved for constitutional and statutory violations by persons acting under color of state law. 42 U.S.C. § 1983. Generally, private persons and entities do not act

REPORT AND RECOMMENDATION - 3

under color of state law and are therefore not liable under § 1983. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.") (internal quotation marks and quoted sources omitted); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.").

A private person may be subject to a § 1983 suit if they "conspired" with state officials. *Price*, 939 F.2d at 707-08. However, to prove a conspiracy between the state and a private person, a plaintiff "must show an agreement or meeting of the minds to violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (internal quotation marks and quoted sources omitted). Although the Court liberally construes pro se pleadings, allegations of conspiracy are subject to a heightened pleading requirement, and the complaint must contain more than conclusory allegations. *See Price*, 939 F.2d at 707-09.

There are limited circumstances in which a private entity can qualify as a state actor, including, for example, "(i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck*, ___ U.S. ___, 139 S. Ct. 1921, 1928 (2019) (internal citations omitted). Ultimately, "'the inquiry is always whether the defendant has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir.), *cert. denied*, 211 L. Ed. 2d 178, 142 S. Ct. 337 (2021) (quoting *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747-48 (9th Cir. 2020)).

In this case, Plaintiff names Allen, a private individual, and the LDS Church, a private entity, as Defendants. However, he does not allege or provide any facts supporting an allegation that Allen conspired with state officials to violate Plaintiff's constitutional rights. Plaintiff, instead, challenges Allen's failure to exercise his power to act on Plaintiff's request for excommunication. Dkt. 12 at 4-5 ("It is within [Allen's] power to decide excommunication.") Nor does plaintiff identify any actions or omissions on the part of the LDS Church that could be said to amount to state action. Plaintiff, in fact, only includes allegations specific to Allen. *See id*. Plaintiff's allegations thus do not suffice to state a claim against a named Defendant.

Plaintiff does allege that he is being "relentlessly tortured and persecuted" by MCC-SOU staff "for drinking coffee and masturbating", and describes an incident in which "a high-pitched noise was placed in [his] cell and they kept talking to [him] through the night, making it impossible to sleep[.]" *Id*. at 5. He further alleges MCC-SOU staff insisted he "quit using caffeine and be a good Mormon or they will continue to torture [him]." *Id*. Yet, Plaintiff does not name any MCC-SOU staff members as defendants. Nor, as is required in a § 1983 action, does Plaintiff show how any such individuals caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). In addition, while identifying the constitutional right he alleges was violated and describing a specific incident, Plaintiff's claim nonetheless remains in large part vague and conclusory. *See also* Dkt. 8 at 2-3 (advising Plaintiff that he must, in any proposed amended complaint, set forth specific, plausible facts supporting his claim and demonstrating when, where, and how individual defendants personally participated in causing the violation of his constitutional rights).

Plaintiff, finally, continues to seek relief not available in this action. He asks that the Court order his excommunication from the Mormon Church. The Court cannot, however, order

REPORT AND RECOMMENDATION - 5

a private person or entity not subject to suit under § 1983 to take any particular action.  *See generally Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) (federal court may issue an injunction only "if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.")  Also, while Plaintiff requests an injunction against the DOC, the absence of an appropriate state actor defendant would not allow for the provision of any such relief.

CONCLUSION

Plaintiff, in sum, submits a proposed amended complaint that fails to identify a viable defendant, seeks relief unavailable in this action, and otherwise fails to state a claim on which relief may be granted.  Where a pro se litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants him the opportunity to amend the complaint.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*.  Here, Plaintiff cannot pursue his § 1983 claim regarding excommunication against a private individual and/or entity.  Plaintiff further failed to take advantage of the opportunity provided to submit an amended pleading including actionable claims against viable state actor defendants.  The Court, accordingly, recommends this case be DISMISSED without prejudice for failure to state a claim on which relief may be granted.  A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect

your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 2, 2023**.

Dated this 5th day of May, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7